Filed 1/26/16  P. v. Davis CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL EARL DAVIS,<br><br>    Defendant and Appellant. | D068138<br><br><br><br>(Super. Ct. No. SCS273151) |

APPEAL from a judgment of the Superior Court of San Diego County, Francis M. Devaney, Judge.  Affirmed.

Jennifer A. Gambale for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Michael Earl Davis of one count of robbery (Pen. Code,[1] § 211).  Davis admitted three serious felony prior convictions (§ 667, subd. (a)(1)) and three strike priors based on the same convictions (§ 667, subds. (b)-(i)).  The court struck two

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

of the "strike" priors and imposed a determinate sentence of 25 years in prison. Davis filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating she has been unable to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Davis the opportunity to file his own brief on appeal. Davis has responded with a supplemental brief, which we will discuss below.

STATEMENT OF FACTS

At about 1:40 p.m., on June 2, 2014, a man approached a Citibank teller, holding a bag in his hand. The man told the teller, "This is a robbery and I want you to put all of your money into the bag and no dye packs." The teller placed over $10,000 in the bag and the man left. The teller pressed the panic button and advised bank staff what had happened.

Ultimately, the teller reviewed surveillance photos and identified Davis as the robber.

Davis was not apprehended that day, so police issued "wanted" posters to various places. An employee of Pacific Furlough recognized Davis from the poster and a photographic display. She knew Davis as a person who had been at the furlough center on more than one occasion.

A federal probation officer, who was supervising Davis, viewed the bank surveillance photos and identified Davis as the robber.

Davis was arrested on July 3, 2014. Police did not recover any of the bank money and were not able to connect Davis to the robbery by DNA analysis.

DISCUSSION

As we have noted, appellate counsel has advised the court she has not been able to identify any reasonably arguable issue for reversal on appeal. In compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified one possible, but not reasonably arguable issue to assist this court in conducting our review of the record for error:

Whether there is sufficient substantial evidence in the record to support the robbery conviction beyond a reasonable doubt.

In his supplemental brief, Davis essentially contends his defense counsel provided ineffective assistance. He faults counsel for not filing a motion under section 1538.5 (search and seizure motions) to suppress a defective identification process. He also asserts counsel should have filed a "*Romero*" motion (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497) to strike his "strike" priors. We note the trial court did strike two of the strike priors, thus avoiding a life sentence for Davis. Davis does not provide any support for the assertions made in the supplemental brief.

In addition to his supplemental brief, Davis filed a petition for writ of habeas corpus with this court. (*In re Davis* (D069498).) That petition was denied by separate order filed January 5, 2016.

We have reviewed the entire record as mandated by *Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738. We have not been able to identify any reasonably

3

arguable issue for reversal on appeal.  Competent counsel has represented Davis on this

appeal.

DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


BENKE, J.